IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO E. ILARRAZA,<br>　　　Plaintiff, | : | CIVIL ACTION NO. 1:15-cv-2257 |
| v. | : | |
| SUPERINTENDENT KERESTES,<br>et al,<br>　　　Defendants. | : | (Rambo, J)<br>(Saporito, M.J.) |



FILED
WILKES BARRE
DEC 1 0 2015
Per ___

## MEMORANDUM

Plaintiff, Julio E. Rivera Ilarraza, an inmate currently confined at the State Correctional Institute at Mahanoy ("SCI-Mahanoy") initiated the instant civil rights action pursuant to 42 U.S.C. §1983. Presently pending before the court is plaintiff's second motion to appoint counsel. (Doc. 16)[1]. For the following reasons, the motion will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997);

---

[1] We denied the plaintiff's motion to appoint counsel (Doc. 10) by memorandum and order (Docs. 13 and 14) dated December 9, 2015.

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) The plaintiff's capacity to retain counsel on his or her own behalf;

 (5) the extent to which the case is likely to turn on credibility determinations; and

 (6) whether the case will require testimony from expert witnesses.

Id. (Citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. See *Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007). In *Tabron*, the court emphasized that volunteer lawyer time is extremely valuable and court should not appoint counsel indiscriminately. *Tabron*, 6 F.3d at 157.

Assuming *arguendo* that the complaint has merit, plaintiff fails to set forth sufficient circumstances warranting the appointment of counsel. See *Tabron*, 6 F.3d at 156-58. The plaintiff requests that we grant his motion for the following reasons: (1) his imprisonment will limit his ability to litigate the case; (2) the issues are complex and require significant research and investigation; (3) he has limited access to the law library and limited knowledge of the law; (4) a trial will likely involve conflicting testimony and therefore counsel is better equipped to handle witness

3

interrogation; (5) he claims to be mentally disabled, transgender, and is in need of an interpreter; and (6) he made efforts to obtain a lawyer and his job at the prison is insufficient to pay for counsel.

Despite these new reasons for the appointment of counsel, we are not persuaded to reconsider our decision of December 9, 2015. We incorporate by reference the analysis set forth in our Memorandum (Doc. 13). If future circumstances emerge that demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of the plaintiff.

A separate Order follows.

                                         /s/ Joseph F. Saporito, Jr.
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge

Dated: December 10, 2015