IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO E. RIVERA ILARRAZA, | : | CIVIL ACTION NO. **1:15-CV-2257** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Saporito) |
| SUPERINTENDENT KERESTES, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On August 1, 2016, the District Court issued an Order adopting the Report and Recommendation of the undersigned Magistrate Judge, which recommended that defendants' Doc. 22 motion to dismiss be granted and that plaintiff be granted leave to file an amended complaint. (Doc. 49). The Doc. 49 Order granted defendants' Doc. 22 motion to dismiss, dismissed plaintiff's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and granted plaintiff leave to file an amended complaint within twenty-one (21) days of the date thereof. The Order further directed the Clerk of Court to close the case if an amended complaint was not timely filed. (Doc. 49, p. 2).

The time in which plaintiff was to have filed his amended complaint has expired. The Court, *sua sponte*, gave the *pro se* plaintiff additional time to file his

amended complaint. The plaintiff has neither filed his amended complaint nor requested an extension of time in which to do so.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, plaintiff has failed to both prosecute his action and to comply with the Order of this Court by his failure to timely file his amended complaint. We shall recommend that this case be dismissed due to plaintiff's failure to prosecute it and due to his failure to comply with this Court's Order.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of plaintiff's failure to comply with the Court's August 1, 2016 Order. It is also recommended that plaintiff's case be dismissed without prejudice on the basis of his failure to prosecute his action.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: September 1, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO E. RIVERA ILARRAZA, | : | CIVIL ACTION NO. **1:15-CV-2257** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| SUPERINTENDENT KERESTES, et al., | : : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 1, 2016.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Joseph F. Saporito, Jr.**
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: September 1, 2016**